UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHAHADAH SAINPAULIN,

                                                **ORDER**

        Plaintiff,                           6:21-CV-06396 EAW

        v.

FINGERLAKES DDSO,

        Defendant.
_____

Plaintiff has submitted a complaint, along with an affirmation of poverty, and seeks permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Dkt. 1; Dkt. 2). For the reasons set forth below, Plaintiff's application to proceed *in forma pauperis* (Dkt. 2) is denied without prejudice.

Plaintiff bears the burden of establishing her indigence. *See Potnick v. E. State Hosp.*, 791 F.2d 243, 244 (2d Cir. 1983). "[O]ne [need not] be absolutely destitute to enjoy the benefit" of the *in forma pauperis* statute. *Adkins v. DuPont de Nemours & Co.*, 335 U.S. 331, 338 (1948); *see also Potnick*, 701 F.2d at 244 ("Section 1915(a) does not require a litigant to demonstrate absolute destitution; no party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life."). Rather, "[a]n affidavit to proceed *in forma pauperis* is sufficient if it indicates that one cannot, because of his poverty, afford to pay the costs of litigation and still provide himself and his dependents with the necessities of life." *Kilichowski v. Hocky*, No. 99-CV-2874 JG, 1999

WL 504285, at *1 (E.D.N.Y. July 5, 1999). "In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'" *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (quoting *Williams v. Spencer*, 455 F. Supp. 205, 208-09 (D. Md. 1978)); *see Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984) ("[I]n ruling on motions to proceed *in forma pauperis*, other courts have considered the income of interested persons, such as spouses and parents, in evaluating the funds available to the movant."), *aff'd*, 788 F.2d 1 (2d Cir. 1985).

In her application, Plaintiff indicates that she has a gross monthly income of $2,040 and that she has $2,800 in a checking account. (Dkt. 2 at ¶¶ 3, 5). Further, in response to the question "List all of the people who live in your household and state the amount of money each one contributes to household expenses each month," Plaintiff has listed three individuals, but has provide a contribution amount for only one. (*Id*. at ¶ 10). Plaintiff has listed those same three individuals as "persons who are dependent upon [her] for support," but has failed to state "[her] relationship to such persons" or "how much [she] contributes toward their support." (*Id*. at ¶ 11). It is thus unclear whether these individuals are minor children whom Plaintiff is responsible for supporting or if they are adult household members who contribute additional funds. This information makes a significant difference in assessing Plaintiff's financial situation.

Based on her representations, it is unclear whether Plaintiff's financial circumstances are such that she would be required to forgo "the necessities of life" if she

is required to pay the filing fee. *See Potnick*, 701 F.2d at 244. That is, the Court does not have a complete picture of Plaintiff's finances.

Because Plaintiff has not met her burden of establishing her indigence based on the present record, permission to proceed *in forma pauperis* is denied without prejudice. Plaintiff may either submit a renewed application for *in forma pauperis* status or pay the filing fee of $402.00[1] on or before May 27, 2022. If Plaintiff does not submit a renewed application or pay the filing fee by May 27, 2022, the Clerk of Court is directed to close this case as dismissed without prejudice without further order of the Court.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   April 29, 2022
         Rochester, New York

---

[1] An additional administrative fee of $52.00 has been added to the total cost of filing a civil lawsuit in District Court, which brings the total cost to $402.00. This additional administrative fee does not apply to prisoners who are granted permission to proceed *in forma pauperis*.